UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| AVON PRODUCTS, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> WASTE MANAGEMENT OF NEW YORK, L.L.C., and MARANGI BROS., INC., <br><br> Defendants. | Civil Action No.: <br><br> **COMPLAINT** <br> **FOR INDEMNIFICATION** |

Plaintiff Avon Products, Inc. ("Avon" or "Plaintiff"), by and through their counsel, Gibbons P.C., as and for their Complaint against Waste Management of New York, L.L.C. ("Waste Management") and Marangi Bros., Inc. ("Marangi"), state as follows:

### NATURE OF THE ACTION AND REQUESTED RELIEF

1. Plaintiff seeks indemnification from Marangi and from Waste Management for claims by the State of New York, the United States Environmental Protection Agency ("EPA"), any other governmental entity, or any other person or entity in connection with the alleged arrangement for the disposal of hazardous substances by Marangi at, or transportation of hazardous substances by Marangi to 1) the Ramapo Landfill located off Torne Valley Road in the Town of Ramapo, Rockland County, State of New York ("Ramapo Landfill"); 2) the Orange County Landfill located on Route 17M in the Town of Goshen, Orange County, State of New York ("Orange County Landfill"); and 3) any other landfill or disposal facility wherever located.

#1068888 v2
005593-18568

## THE PARTIES

2.    Plaintiff Avon Products, Inc. is engaged in the business of cosmetics.

3.    Avon is a corporation duly organized and existing under the laws of the state of New York and maintains a principal place of business at 1345 Avenue of the Americas, New York, New York.

4.    Upon information and belief, Marangi is engaged in the business of transporting and disposal of solid waste

5.    Upon information and belief, Marangi is a New Jersey Corporation with a principal place of business at 1001 Fannin, Suite 4000, Houston, Texas.

6.    Upon information and belief, Waste Management is engaged in the business of transporting and disposal of solid waste.

7.    Upon information and belief, Waste Management is a Delaware limited liability company with a principal place of business at 1001 Fannin, Suite 4000, Houston, Texas.

8.    Upon information and belief, Waste Management is the successor in interest to Marangi.

## JURISDICTION AND VENUE

9.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1332(a)(2) since the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and complete diversity of citizenship exists between the parties because plaintiff Avon is a citizen of New York, defendant Waste Management is a citizen of Delaware and defendant Marangi is a citizen of New Jersey.

#1068888 v2
005593-18568

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., this Court has jurisdiction to declare the rights of Avon pursuant to a contract with Marangi and as to Waste Management as successor in interest to Marangi.

11. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(a) since a substantial part of the events or omissions giving rise to this action occurred in this district and defendants Waste Management and Marangi are subject to personal jurisdiction in this district.

## STATEMENT OF FACTS

**Ramapo Landfill**

12. In 1971, the Rockland County Department of Health granted a permit to the Town of Ramapo for the operation of a sanitary landfill on a 96 acre tract in the Town of Ramapo, Rockland County off Torne Valley Road. The landfill opened in 1972 and municipal waste was accepted at the Ramapo Landfill until 1984 and construction and demolition debris was accepted at the Ramapo Landfill until 1989.

13. The alleged disposal of hazardous substances at the Ramapo Landfill resulted in groundwater contamination and on September 1, 1983, the Site was listed by the United States Environmental Protection Agency ("EPA") on the National Priorities List pursuant to the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9605.

14. The Town of Ramapo and the New York State Department of Environmental Conservation ("DEC") entered into an Administrative Order on Consent requiring investigation, removal, remediation and response measures at the Ramapo Landfill. The remedial action was selected by the EPA in a Record of Decision issued on March 31, 1992.

#1068888 v2
005593-18568

15. The EPA incurred response costs engaging in planning activities, selecting remedial action at the Ramapo Landfill, performing support agency activities at the Ramapo Landfill and engaging in enforcement activities in connection with the Ramapo Landfill.

16. The EPA sought reimbursement for its response costs from several parties, including Avon.

17. Without admitting liability, Avon settled its liability to the EPA for sixteen thousand six hundred seventeen dollars and seven cents ($16,617.07) representing Avon's share of the two hundred twenty two thousand one hundred eighty dollars and eighty four cents ($222,180.84) settlement total as memorialized in the Agreement for Recovery of Past Response Costs ("EPA Settlement Agreement") relating to past costs incurred by the EPA or the United State Department of Justice at or in connection with the Ramapo Landfill effective January 14, 2002. Avon also incurred defense costs in connection with the claim for response costs by the EPA.

18. The DEC agreed to reimburse the Town of Ramapo for 75% of the eligible costs for investigation, remedial design, construction of the remedial action, and construction oversight to be incurred by the Town at the Ramapo Landfill. The DEC reimbursed the Town in an amount in excess of $13,000,0000.

19. The Town implemented response measures at the Ramapo Landfill to remedy the alleged release and/or threatened release of hazardous substances in the environment and incurred response costs, including, but not limited to, costs of investigation, removal, remedial activity, and operation and maintenance in relation to the Ramapo Landfill, with unreimbursed costs alleged to total in excess of $6,000,000.

#1068888 v2
005593-18568

20. The DEC sought recovery of its response costs in connection with the Ramapo Landfill by filing a Complaint in the United State District Court, Southern District of New York, Civil Action No. 05 CV 10399 against several parties including Avon.

21. Without admitting liability, Avon settled its liability to the State of New York for seven hundred twenty one thousand five hundred twenty six dollars and sixty four cents ($721,526.64) as memorialized in the Ramapo Landfill Agreement to Fund Settlement ("DEC Settlement Agreement") dated November 28, 2005 and approved by the court in a Consent Decree filed on January 5, 2006. Avon also incurred defense costs in connection with the claim for response costs by the DEC.

22. The Consent Decree provided that nothing therein should affect the rights or defenses available to any settling defendant pursuant to any contract or indemnification agreement with respect to the Ramapo Landfill.

**Orange County Landfill**

23. The Orange County Department of Public Works operated the Orange County Landfill as a municipal landfill from 1974 until January 1992.

24. Although approximately seven million cubic yards of predominately municipal waste was allegedly landfilled, there was allegedly evidence of quantities of waste oil, septic sludge, industrial waste and hazardous waste being disposed of at the Orange County Landfill.

25. On January 17, 1993, the DEC and Orange County entered into a Consent Order that obligated the County to implement a full remedial program at the landfill.

#1068888 v2
005593-18568

26. During 1994 and 1998, the State of New York issued Records of Decision selecting a remedy for cleanup of the Orange County Landfill consisting of an impervious capping system.

27. In 1994, Orange County and the DEC entered into a State Assistance Contract, pursuant to which, the State of New York agreed to reimburse Orange County for certain response costs. Allegedly, the State of New York has reimbursed, or is obligated to reimburse Orange County for approximately $10,500,000 in response costs.

28. In December 2000, New York State contacted certain entities, including Avon, alleged to have used the Orange County Landfill contending that the State had causes of action against such entities pursuant to Sections 107 and 113 of CERCLA as amended, 42 U.S.C. §§9607 and 9613 and under State statutory and common law, for the recovery of response costs incurred by the State in connection with the Orange County Landfill.

29. Avon has not admitted any liability for response costs at the Orange County Landfill.

30. The DEC sought recovery of its response costs in connection with the Orange County Landfill by filing a complaint in the United States District Court, Southern District of New York, Civil Action No. 07 CV 715, against several parties including Avon.

**Agreement between Avon and Marangi**

31. During all relevant periods, Avon operated a manufacturing and research facility in Suffern, Rockland County, New York ("Suffern Facility").

32. In connection with Avon's activities at the Suffern Facility, Avon contracted with Marangi for the removal of refuse from said facility. Avon and Marangi entered into an Agreement dated April 1, 1971 (the "Contract") to memorialize their understanding.

#1068888 v2
005593-18568

33. Pursuant to the Contract, Marangi agreed to remove all refuse from the Suffern Facility and to dispose of all refuse at its sole cost, expense, and risk. Marangi further agreed to comply with all laws, ordinances and regulations of federal, state, county and municipal authorities as well as to secure, at its sole expense, any and all licenses and permits necessary for performance under the Contract.

34. As provided in the Contract, Marangi agreed to defend, indemnify and hold Avon harmless from any and all claims, alleged claims or causes of action, liability and damage which Avon may incur by reason of performance of the Contract by Marangi.

35. In accordance with the Contract, Marangi removed waste from the Suffern Facility and disposed of the waste at the Ramapo Landfill during the period from 1971 to 1980.

36. In accordance with the Contract, Marangi removed waste from the Suffern Facility and disposed of the waste at the Orange County Landfill during the period from 1979 to 1981.

37. Upon information and belief, in accordance with the Contract, Marangi removed waste from the Avon Suffern facility and disposed of the waste at other landfills or disposal facilities in addition to the Ramapo Landfill and Orange County Landfill.

38. Upon information and belief, Eastern Environmental Services, Inc acquired the entire capital stock of Marangi and subsequently, Waste Management purchased the stock of Eastern Environmental Services, Inc.

39. Upon information and belief, Waste Management is the successor in interest to Marangi.

#1068888 v2
005593-18568

40. By letter dated March 9, 2001, Avon advised Waste Management of the obligation to indemnify Avon under the terms of the Contract for response costs allegedly incurred by the State of New York in connection with the Ramapo Landfill and Orange County Landfill.

41. Waste Management has not indemnified Avon for response costs allegedly incurred by the State of New York or the EPA in connection with the Ramapo Landfill, the Orange County Landfill or any other landfills of disposal facilities as required by the terms of the Contract.

### CAUSE OF ACTION
### (Indemnification)

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 41 above as if fully set forth herein at length.

43. Pursuant to paragraph 4 of the Contract, Marangi agreed to dispose of the waste from the Suffern Facility at its sole risk.

44. Pursuant to paragraph 9 of the Contract, Marangi agreed to defend, indemnify and hold Avon harmless from any and all claims, alleged claims or causes of action, liability and damage which Avon may incur by reason of the performance of Marangi.

45. Avon's liability in connection with the EPA Settlement Agreement, including defense costs, is by reason of the performance of Marangi under the Contract.

46. Avon's liability in connection with the DEC Settlement Agreement, including defense costs, is by reason of the performance of Marangi under the Contract.

#1068888 v2
005593-18568

47. Avon's potential liability in connection with the claims by the State of New York for response costs related to the Orange County Landfill, including defense costs, is by reason of the performance of Marangi under the Contract.

48. Avon's potential liability in connection with the disposal of the waste from the Suffern Facility by Marangi at any other landfill or disposal facility in addition to the Ramapo Landfill and Orange County Landfill is by reason of the performance of Marangi under the Contract.

49. Marangi Bros. Inc. is obligated to indemnify plaintiff Avon for all losses, damages, and expenses, including attorneys' fees and costs, that Avon has incurred and will incur as a result of Marangi's performance under the Contract.

50. Waste Management, as successor in interest to Marangi Bros. Inc. is obligated to indemnify plaintiff Avon for all losses, damages, and expenses, including attorneys' fees and costs, that Avon has incurred and will incur as a result of Marangi's performance under the Contract.

#1068888 v2
005593-18568

**WHEREFORE**, plaintiff Avon respectfully requests that the Court declare defendants Marangi and Waste Management, as successor in interest to Marangi, liable to Avon for all costs, attorneys' fees and expenses related to Avon's liability for the Ramapo Landfill; declare defendants Marangi and Waste Management, as successor in interest to Marangi, liable to Avon for all costs, attorneys' fees and expenses related to Avon's liability for the Orange County Landfill; declare defendants Marangi and Waste Management, as successor in interest to Marangi, liable to Avon for all costs, attorneys' fees and expenses related to Avon's liability for any and all future claims, causes of action, liability and damage which Avon may incur by reason of the performance of Marangi under the Contract; enter judgment for such amounts in favor of Avon and against defendants Marangi and Waste Management, as successor in interest to Marangi; and such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff Avon hereby demands a trial by jury on all issues so triable.

GIBBONS P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119
Phone: (212) 649-4700
Attorneys for Plaintiff
Avon Products, Inc.

By: _____
John Klock. [JK-3859]
David A. Brooks [DB-3790]

Dated:

#1068888 v2
005593-18568