IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVON PRODUCTS, INC., : <br> : <br> Plaintiff, : <br> v. : <br> : <br> WASTE MANAGEMENT OF NEW YORK, LLC : <br> and : <br> MARANGI BROS., INC., : <br> : <br> Defendants. : | Civil Action No. 07-CV-2891 |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS WASTE MANAGEMENT OF NEW YORK, LLC
AND MARANGI BROS., INC.
TO PLAINTIFF'S COMPLAINT**

Defendants Waste Management of New York, LLC ("WMNY") and Marangi Bros., Inc. ("MBI") (collectively referred to herein as "Defendants"), by and through their undersigned counsel, Saul Ewing, LLP, hereby answer the Complaint of Plaintiff Avon Products, Inc. ("Plaintiff") and assert affirmative defenses as follows:

**NATURE OF THE ACTION AND REQUESTED RELIEF**

1. Admitted in part and denied in part. It is admitted only that Plaintiff's Complaint demands indemnification from Defendants; it is denied that Plaintiff is entitled to any such indemnification or any other relief. All remaining allegations of this paragraph that are inconsistent with the foregoing are also denied.

**THE PARTIES**

2. Admitted on information and belief.

3. Admitted on information and belief.

4. Denied as stated. MBI was at all relevant times engaged in the business of collection and disposal of residential, commercial and industrial solid waste in New York and New Jersey.

5. Denied as stated. MBI was incorporated in New Jersey in 1944. MBI's stock was purchased by Eastern Environmental Services, Inc. ("EESI") in 1998, and in 1999, EESI was merged into Waste Management Holdings, Inc. ("WMHI"). WMNY, a Delaware Limited Liability Company formed in 1998, operated MBI until the assets were divested in 2006. WMNY is a wholly-owned subsidiary of WMHI, which is in turn a wholly-owned subsidiary of Waste Management, Inc., a publicly-traded corporation headquartered at 1001 Fannin Street, Suite 4000, Houston, Texas 77002.

6. Denied as stated. Through various operations in New York, WMNY is engaged in the business of collection and disposal of residential, commercial and industrial solid waste.

7. Denied as stated. Defendants incorporate herein by reference their answer to Paragraph 5 above.

8. Denied as stated. Defendants incorporate herein by reference their answer to Paragraph 5 above.

**JURISDICTION AND VENUE**

9. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent that a response may be required, the allegations of this paragraph are denied.

10. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent that a response may be required, the allegations of this paragraph are denied.

11. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent that a response may be required, the allegations of this paragraph are denied.

## STATEMENT OF FACTS

**Ramapo Landfill**

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

16. Admitted upon information and belief.

17. Admitted in part and denied in part. It is admitted only that Plaintiff entered into the referenced agreement, a document in writing that speaks for itself. Any

allegations or characterizations contained in this paragraph that are inconsistent with the express terms of the document are denied.  With regard to the allegations of this paragraph concerning defense costs, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and the allegations are accordingly denied.  It is also denied that Plaintiff is entitled to indemnification from Defendants, or any other relief, arising from payment of any sums in conformity with the referenced agreement or otherwise.

       18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

       19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

       20.    Admitted upon information and belief.

       21.    Admitted in part and denied in part.  It is admitted only that Plaintiff entered into the referenced agreement, a document in writing that speaks for itself.  Any allegations or characterizations contained in this paragraph that are inconsistent with the express terms of the document are denied.  With regard to the allegations of this paragraph concerning defense costs, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and the allegations are accordingly denied.  It is also denied that Plaintiff is entitled to indemnification from Defendants, or any other relief, arising from payment of any sums in conformity with the referenced agreement or otherwise.

       22.    Admitted in part and denied in part.  It is admitted only that the referenced Consent Decree is a document in writing that speaks for itself.  Any allegations or

characterizations contained in this paragraph that are inconsistent with the express terms of the document are denied. It is denied that Plaintiff is entitled to indemnification from Defendants, or any other relief, arising from payment of any sums in conformity with the referenced agreement or otherwise.

**Orange County Landfill**

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

28. Admitted upon information and belief.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

30. Admitted upon information and belief.

**Agreement Between Avon and Marangi**

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

32. Admitted in part and denied in part. It is admitted only that on or about April 1, 1971, Plaintiff and MBI entered into the referenced agreement, a document in writing that speaks for itself. Any allegations or characterizations contained in this paragraph that are inconsistent with the express terms of the document are denied. It is also denied that Plaintiff is entitled to indemnification or any other relief based upon the terms of the referenced agreement.

33. Admitted in part and denied in part. It is admitted only that Plaintiff and MBI entered into the referenced agreement, a document in writing that speaks for itself. Any allegations or characterizations contained in this paragraph that are inconsistent with the express terms of the document are denied. It is also denied that Plaintiff is entitled to indemnification or any other relief based upon the terms of the referenced agreement.

34. Admitted in part and denied in part. It is admitted only that Plaintiff and MBI entered into the referenced agreement, a document in writing that speaks for itself. Any allegations or characterizations contained in this paragraph that are inconsistent with the express terms of the document are denied. It is also denied that Plaintiff is entitled to indemnification or any other relief based upon the terms of the referenced agreement.

35. Admitted in part and denied in part. It is admitted only that MBI collected waste from Plaintiff's Suffern Facility and disposed of it at the Ramapo Landfill. All remaining allegations of this paragraph, including whether such services were performed by MBI "in accordance with the Contract," and whether such services were performed during the referenced time period, are denied. It is also denied that Plaintiff is entitled to indemnification or any other relief based upon the terms of the referenced agreement.

36. Admitted in part and denied in part. It is admitted only that MBI collected waste from Plaintiff's Suffern Facility and disposed of it at the Orange County Landfill. All remaining allegations of this paragraph, including whether such services were performed by MBI "in accordance with the Contract," and whether such services were performed during the referenced time period, are denied. It is also denied that Plaintiff is entitled to indemnification or any other relief based upon the terms of the referenced agreement.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and the allegations are accordingly denied.

38. Denied as stated. Defendants incorporate herein by reference their answer to Paragraph 5 above.

39. Denied as stated. Defendants incorporate herein by reference their answer to Paragraph 5 above.

40. Admitted in part and denied in part. It is admitted only that by letter dated March 8, 2001, counsel for Plaintiff notified counsel for Defendants of Plaintiff's indemnification demand relating to the Ramapo Landfill and the Orange County Landfill, among other sites. The March 8, 2001 letter is a document in writing that that speaks for itself, and any

allegations or characterizations contained in this paragraph that are inconsistent with the express terms of the document are denied. It is also denied that Plaintiff is entitled to indemnification as demanded in the letter, or any other relief.

41. Admitted in part and denied in part. It is admitted only that WMNY has not indemnified Plaintiff as demanded; it is denied that Plaintiff is entitled to indemnification as demanded, or any other relief.

## CAUSE OF ACTION
### (Indemnification)

42. Defendants incorporate herein by reference their answers to Paragraphs 1 through 41 above.

43. Admitted in part and denied in part. It is admitted only that Plaintiff and MBI entered into the referenced agreement, a document in writing that speaks for itself. Any allegations or characterizations contained in this paragraph that are inconsistent with the express terms of the document are denied. It is also denied that Plaintiff is entitled to indemnification or any other relief based upon the terms of the referenced agreement.

44. Admitted in part and denied in part. It is admitted only that Plaintiff and MBI entered into the referenced agreement, a document in writing that speaks for itself. Any allegations or characterizations contained in this paragraph that are inconsistent with the express terms of the document are denied. It is also denied that Plaintiff is entitled to indemnification or any other relief based upon the terms of the referenced agreement.

45. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent that a response may be required, the allegations of this paragraph are denied.

46.     The allegations of this paragraph contain conclusions of law to which no response is required. To the extent that a response may be required, the allegations of this paragraph are denied.

47.     The allegations of this paragraph contain conclusions of law to which no response is required. To the extent that a response may be required, the allegations of this paragraph are denied.

48.     The allegations of this paragraph contain conclusions of law to which no response is required. To the extent that a response may be required, the allegations of this paragraph are denied.

49.     The allegations of this paragraph contain conclusions of law to which no response is required. To the extent that a response may be required, the allegations of this paragraph are denied. It is specifically denied that Plaintiff is entitled to indemnification or any other relief from MBI.

50.     The allegations of this paragraph contain conclusions of law to which no response is required. To the extent that a response may be required, the allegations of this paragraph are denied. It is specifically denied that Plaintiff is entitled to indemnification or any other relief from WMNY.

WHEREFORE, Defendants Waste Management of New York, LLC and Marangi Bros., Inc. respectfully request that this Court dismiss Plaintiff's Complaint with prejudice. Defendants further request that they be awarded their costs and attorneys' fees incurred in defending against the Complaint, together with such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendants, as and for their separate defenses to Plaintiff's Complaint, allege and state as follows:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims in the Complaint are barred by the applicable statutes of limitation.

### Third Affirmative Defense

Defendants violated no duty or obligations owed to Plaintiff or others.

### Fourth Affirmative Defense

Plaintiff is under no circumstances entitled to indemnification or any other relief for any and all time periods during which the Agreement dated April 1, 1971 was not in force.

### Fifth Affirmative Defense

At all relevant times, Defendants complied with all applicable laws, ordinances, regulations, specifications and standards set forth by federal, state, county and/or municipal authorities.

### Sixth Affirmative Defense

The response and/or defense costs for which Plaintiff seeks indemnification are not necessary costs of response, and/or are unreasonable, duplicative, or otherwise not recoverable by Plaintiff as a matter of law.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

**Eighth Affirmative Defense**

By virtue of its own acts or omissions, Plaintiff has failed to mitigate the damages alleged in the Complaint.

**Ninth Affirmative Defense**

Plaintiff's alleged damages did not arise by reason of the performance of WMNY or MBI under the contract at issue as a matter of law.

**Tenth Affirmative Defense**

In the event that Defendants are held individually or collectively liable on any of the claims in the Complaint, and affirmative relief is granted in Plaintiff's favor, then the liability of Defendants should be proportionately limited to their contribution to the alleged harm, taking into account Plaintiff's contribution to the alleged harm and/or that of any other parties.

**RESERVATION OF RIGHTS**

Defendants hereby reserve their right to raise additional defenses that may be revealed as discovery in this matter progresses.

WHEREFORE, Defendants Waste Management of New York, LLC and Marangi Bros., Inc. respectfully request that this Court dismiss Plaintiff's Complaint with prejudice. Defendants further request that they be awarded their costs and attorneys' fees incurred in defending against the Complaint, together with such other and further relief as this Court deems just and proper.

                                                    Respectfully submitted,

                                                    <u>s/ Adrienne C. Rogove</u>
                                                    Adrienne C. Rogove, Esquire (8567)
                                                    SAUL EWING LLP
                                                    750 College Road East, Suite 100
                                                    Princeton, NJ  08540-6617
                                                    Telephone: 609-452-3149
                                                    Facsimile: 609-452-3122

Of Counsel:

Joseph F. O'Dea, Jr., Esquire
Cathleen M. Devlin, Esquire
Allison B. Newhart, Esquire
SAUL EWING LLP
1500 Market Street, 38th Floor                   Attorneys for Defendants
Philadelphia, PA  19102                           Waste Management of New York,
Telephone: 215-972-7777                         LLC and Marangi Bros., Inc.
Facsimile: 215-972-7725


Dated: June 6, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVON PRODUCTS, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> WASTE MANAGEMENT OF NEW YORK, LLC : <br> and : <br> MARANGI BROS., INC., : <br> : <br> Defendants. : | Civil Action No. 07-CV-2891 |

**CERTIFICATE OF SERVICE**

I, **Adrienne C. Rogove, Esquire**, counsel for Defendants Waste Management of New York LLC and Marangi Bros., Inc., hereby certify that on this 6th day of June 2007, I caused a true and correct copy of the foregoing **Answer and Affirmative Defenses of Defendants Waste Management of New York, LLC and Marangi Bros., Inc. to Plaintiff's Complaint** to be served electronically to the following counsel of record:

> John Klock, Esquire
> Gibbons PC
> One Pennsylvania Plaza, 37th Floor
> New York, NY  10119

s/ Adrienne C. Rogove
Adrienne C. Rogove, Esquire (8567)
SAUL EWING LLP
750 College Road East, Suite 100
Princeton, NJ  08540-6617

Attorneys for Defendants
Waste Management of New York,
LLC and Marangi Bros., Inc.

Dated: June 6, 2007

994748.1 6/6/07